## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| WILLIAM LYON HOMES, WILLIAM H. LYON, MATTEW R. ZAIST, DOUGLAS K. AMMERMAN, ERIC A. ANDERSON, GARY H. HUNT, MATTHEW R. NIEMANN, LYNN CARLSON SCHELL, THOMAS F. HARRISON, TAYLOR MORRISON HOME CORPORATION, and TOWER MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on November 6, 2019 (the "Proposed Transaction"), pursuant to which William Lyon Homes ("William Lyon" or the "Company") will be acquired by Taylor Morrison Home Corporation ("Parent") and Tower Merger Sub, Inc. ("Merger Sub," and together with Parent, "Taylor Morrison").

2.      On November 5, 2019, William Lyon's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Taylor Morrison.  Pursuant to the terms of the Merger Agreement, William Lyon's stockholders will receive 0.800 shares of Parent common stock and $2.50 in cash

for each share of William Lyon common stock they own.

3.      On December 6, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of William Lyon common stock.

9.      Defendant William Lyon is a Delaware corporation and maintains its principal executive offices at 4695 MacArthur Court, 8th Floor, Newport Beach, California 92660.  William

Lyon's common stock is traded on the New York Stock Exchange under the ticker symbol "WLH."

10. Defendant William H. Lyon is Executive Chairman and Chairman of the Board of the Company.

11. Defendant Matthew R. Zaist is President, Chief Executive Officer, and a director of the Company.

12. Defendant Douglas A. Ammerman is a director of the Company.

13. Defendant Eric A. Anderson is a director of the Company.

14. Defendant Gary H. Hunt is a director of the Company.

15. Defendant Matthew R. Niemann is a director of the Company.

16. Defendant Lynn Carlson Schell is a director of the Company.

17. Defendant Thomas F. Harrison is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of William Lyon (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of November 1, 2019, there were approximately 33,983,093 shares of William Lyon common stock

outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

28.     William Lyon is one of the largest Western United States regional homebuilders.

29.     The Company is primarily engaged in the design, construction, marketing, and sale of single-family detached and attached homes in California, Arizona, Nevada, Colorado,

Washington, Oregon, and Texas.

30.     The Company's core markets include Orange County, Los Angeles, San Diego,

Riverside, San Bernardino, the South and East Bay Areas of San Francisco, Phoenix, Las Vegas,

Denver, Fort Collins, Portland, Seattle, Houston, Austin, and San Antonio.

31.     On November 5, 2019, William Lyon's Board caused the Company to enter into

the Merger Agreement with Taylor Morrison.

32.     Pursuant to the terms of the Merger Agreement, William Lyon's stockholders will

receive 0.800 shares of Parent common stock and $2.50 in cash for each share of William Lyon

common stock they own.

33.     According to the press release announcing the Proposed Transaction:

Taylor Morrison Home Corporation (NYSE: TMHC), a leading national
homebuilder and developer, and William Lyon Homes (NYSE: WLH), one of the
nation's largest homebuilders in the Western United States, today announced they
have entered into a definitive agreement pursuant to which Taylor Morrison will
acquire all of the outstanding shares of William Lyon Homes common stock for per
share consideration of (1) $2.50 in cash and (2) 0.800 shares of Taylor Morrison
common stock, implying a company value for William Lyon Homes of $21.45 per
share or $2.4 billion including assumption of debt, yielding an attractive purchase
price multiple of 1x book. The transaction consideration mix consists of
approximately 90 percent Taylor Morrison stock and 10 percent cash. Based on
current trading, Taylor Morrison stockholders will own approximately 77 percent
of the combined company while William Lyon Homes stockholders will own
approximately 23 percent.

The transaction has been unanimously approved by the Boards of Directors of both
Taylor Morrison and William Lyon Homes and will be submitted to the
stockholders of William Lyon Homes for approval. The issuance of shares of
Taylor Morrison common stock in the transaction will also be submitted to the
stockholders of Taylor Morrison for approval. The transaction is expected to close
late in the first quarter or early in the second quarter of 2020 and the closing is
subject to the satisfaction of customary closing conditions. William H. Lyon,
executive chairman and chairman of the board and holder of approximately
42 percent of the voting power of William Lyon Homes common stock, has agreed
to vote all of the shares of William Lyon Homes common stock controlled by him
in support of the transaction. . . .

Citigroup Global Markets, Inc. served as exclusive financial advisor to Taylor Morrison and Paul, Weiss, Rifkind, Wharton & Garrison LLP acted as Taylor Morrison's legal counsel. J.P. Morgan Securities LLC served as exclusive financial advisor to William Lyon Homes and Latham & Watkins, LLP acted as William Lyon Homes' legal counsel.

### The Registration Statement Omits Material Information

34.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

36.     First, the Registration Statement omits material information regarding the Company's and Taylor Morrison's financial projections.

37.     With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Total Revenue, (b) Total Adjusted Gross Margin, (c) Total Adjusted Pre-Tax Income, (d) Unlevered Free Cash Flow, (e) EBITDA, (f) Adjusted EBITDA, (g) EBIT, and (h) NOPAT; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38.     The Registration Statement also fails to disclose Taylor Morrison's financial projections.

39.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, J.P. Morgan Securities LLC ("JPM").

41.     With respect to JPM's Discounted Cash Flow Analysis of the Company, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of the Company; (iii) JPM's basis for applying a terminal value growth rate ranging from 0.25% to 0.75%; (iv) the individual inputs and assumptions underlying the range of discount rates from 7.25% to 8.25%; and (v) the Company's net debt.

42.     With respect to JPM's Discounted Cash Flow Analysis of Taylor Morrison, the Registration Statement fails to disclose: (i) the unlevered free cash flows that Taylor Morrison is expected to generate during fiscal years 2020 through 2024 and all underlying line items; (ii) the terminal values of Taylor Morrison; (iii) JPM's basis for applying a terminal value growth rate ranging from 0.25% to 0.75%; (iv) the individual inputs and assumptions underlying the range of discount rates from 6.75% to 7.75%; and (v) Taylor Morrison's net debt.

43.     With respect to JPM's Intrinsic Value Creation Analysis, the Registration Statement fails to disclose the individual inputs and assumptions underlying the 7.75% discount rate and a 0.50% terminal growth rate.

44.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) William Lyon Homes' Reasons for the Merger;

Recommendations of the William Lyon Homes Board; (iii) Opinion of William Lyon Homes' Financial Advisor, J.P. Morgan; and (iv) Certain Unaudited Projected Financial Information.

46.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and William Lyon

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. William Lyon is liable as the issuer of these statements.

49.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

50.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

52.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Taylor Morrison**

55.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56.     The Individual Defendants and Taylor Morrison acted as controlling persons of William Lyon within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of William Lyon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57.     Each of the Individual Defendants and Taylor Morrison was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

59.     Taylor Morrison also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

60.     By virtue of the foregoing, the Individual Defendants and Taylor Morrison violated Section 20(a) of the 1934 Act.

61.     As set forth above, the Individual Defendants and Parsley had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in

it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 13, 2019

**RIGRODSKY & LONG, P.A.**

By:    */s/ Gina M. Serra*
       Brian D. Long (#4347)
       Gina M. Serra (#5387)
       300 Delaware Avenue, Suite 1220
       Wilmington, DE 19801
       Telephone: (302) 295-5310
       Facsimile: (302) 654-7530
       Email: bdl@rl-legal.com
       Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*